Glenn R. Bronson (USB #7362)
James C. Watson (USB #13395)
TRASKBRITT, P.C.
230 South 500 East, Suite 300
Salt Lake City, Utah  84102
Tel: (801) 532-1922
grbronson@traskbritt.com
jcwatson@traskbritt.com

*Attorneys for Plaintiff EK Ekcessories, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **EK EKCESSORIES, INC.,** | **COMPLAINT** |
| Plaintiff, | |
| v. | Case No. |
| **NATIONAL INDUSTRIES FOR THE BLIND,** | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff EK Ekcessories, Inc. (EK), by and through its undersigned counsel, hereby

submits this Complaint against Defendant National Industries for the Blind (NIB) under Fed. R.

Civ. P. 7(a)(1).

## THE PARTIES

1.      EK is a Utah corporation having a place of business at 575 West 3200 South,

Logan, Utah 84321.

2.      NIB is a New York non-profit corporation having a place of business at 3000

Potomac Avenue, Alexandria, Virginia 22305.

## JURISDICTION AND VENUE

3.      This is a civil action for design patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

4.      This Court has subject matter jurisdiction over this action under at least 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over NIB under Utah Code § 78B-3-205 because NIB is and has been transacting continuous and systematic business within this state, including through its affiliate located in Utah in the Central Division, Utah Industries for the Blind, 3495 South West Temple, Salt Lake City, Utah 84115. This court further has personal jurisdiction over NIB under Utah Code § 78B-3-205 because NIB has injured EK and committed acts of infringement, including by offering and selling radio-frequency identification (RFID) dual card holder products that, from the perspective of an ordinary consumer, appear substantially similar to EK's patented design in its U.S. Design Patent No. 628,797.

6.      Venue is proper in the Central Division of Utah in accordance with 28 U.S.C. § 1400(b) at least because NIB has a regular and established place of business in the Central Division through its affiliate, Utah Industries for the Blind, located at 3495 South West Temple, Salt Lake City, Utah 84115. Venue is further proper in the Central Division of Utah in accordance with 28 U.S.C. § 1400(b) because NIB has committed acts of infringement in the Central Division.

7.     EK seeks damages for design patent infringement and an injunction preventing NIB from making, using, selling, offering to sell, importing, or inducing others to make, use, sell, or offer to sell, EK's patented design without EK's permission.

## BACKGROUND

8.     EK has developed and maintains a reputation for designing, offering, and providing high-quality, innovative solutions for carrying identification credentials.

9.     Among the most popular of EK's credential holding solutions, EK has offered and sold an RFID shielded dual card holder using its ONE HANDER™ trademark throughout the United States, including to consumers in the District of Utah, Central Division, for more than a decade.

10.     A true and correct copy of a portion of the page ekusa.com/product/lanyard-w-retractable-carabiner-fips-201-one-hander from February 15, 2024, where EK offers its ONE HANDER™ RFID shielded dual card credential holder, showing the design, is reproduced below:



**One Hander w/carabiner retract reel & detachable credential hldr/FIPS 201 approved**

$29.99

Please call 800-338-2030 ext. 34 or email alan@ekusa.com for quantity pricing.

11.     Among other beneficial features, the design of EK's ONE HANDER™ enables users to shield their credentials from unintended and malicious scans, reduces wear and tear and otherwise protects the credentials, enables view of credentials while stored within the holder, is capable of storing two credential cards, and enables single-handed exposure and scanning of credentials.

12.     In recognition of its innovative credential holder design, EK applied for and was issued multiple design patents for the design of its RFID shielding dual card credential holder.

13.     A first of EK's design patents is U.S. Design Patent No. 628,797 (the '797 Patent) for a "CARD HOLDER," issued December 14, 2010. The '797 Patent is valid and subsisting.

14.     Another of EK's design patents is U.S. Design Patent No. 628,798 (the '798 Patent) for a "CARD HOLDER WITH A TRANSPARENT COVER," issued December 14, 2010. The '798 Patent is valid and subsisting.

15.     EK owns all substantial rights in the'797 Patent and in the '798 Patent, including the sole and exclusive right to prosecute this action and enforce the '797 Patent and the '798 Patent against infringers, and to collect damages for all relevant periods of time.

16.     A true and correct copy of FIG. 1 from the'797 Patent, showing a perspective side view of EK's patented design, is reproduced below:



**FIG. 1**

*'797 Patent*, FIG. 1

17.     A true and correct copy of FIG. 1 from the'798 Patent, showing a perspective side view of EK's patented design with the transparent cover, is reproduced below:



**FIG. 1**

*'798 Patent*, FIG. 1

18.     EK is entitled to a presumption that its design patent rights in the designs shown and claimed in the '797 Patent and in the '798 Patent are valid under 35 U.S.C. § 282.

19.     EK invested substantial time, effort, and expense in extensive research and development to generate the designs claimed in the '797 Patent and in the '798 Patent.

20.     By virtue of EK's innovative designs, including those claimed in the '797 Patent and in the '798 Patent, EK's credential holder products have enjoyed significant financial success and competitive advantage in the marketplace.

21.     Any infringement of EK's design patent rights substantially diminishes the economic value of the competitive advantages conferred by EK's innovative design and diverts sales from EK to competitors, harming EK.

### NIB'S INFRINGEMENT AND MISCONDUCT

22.     NIB makes or has made, uses, offers to sell, and sells competing credential holder products, including an RFID shielding dual card credential holder capable of single-handed operation.

23.     NIB's RFID shielding dual card credential holder is available and offered for sale to the purchasing public via listings on multiple Internet retailer sites.

24.     A true and correct copy of a portion of a representative product listing on Amazon from February 15, 2024, for NIB's RFID shielding dual card credential holder is reproduced below:



[amazon.com/AbilityOne%C2%AE-NSN6926543-RFID-Dual-Holder/dp/B0BKMT7FC5](amazon.com/AbilityOne%C2%AE-NSN6926543-RFID-Dual-Holder/dp/B0BKMT7FC5) (Last Visited Feb. 15, 2024)

25.     A true and correct copy of a portion of another representative product listing on the website AbilityOne.com, from February 19, 2024, for a group of NIB's RFID shielding dual card credential holders is reproduced below:



[abilityone.com/rfid-dual-card-holder/product/28061](abilityone.com/rfid-dual-card-holder/product/28061) (Last Visited Feb. 19, 2024)

26.    A true and correct copy of a portion of another representative product listing on Walmart's website, from February 19, 2024, for a group of NIB's RFID shielding dual card credential holders is reproduced below:



[walmart.com/ip/2-13-x-2-38-in-Skilcraft-RFID-Dual-Card-Holder-Vertical-Black-Dozen/5234700523?from=/search](walmart.com/ip/2-13-x-2-38-in-Skilcraft-RFID-Dual-Card-Holder-Vertical-Black-Dozen/5234700523?from=/search) (Last Visited Feb. 19, 2024)

27.    NIB's RFID shielding dual card credential holder is available for purchase by, and offered by NIB and its affiliates to, the general public without restriction.

28.    The design of NIB's ` RFID shielding dual card credential holder appears substantially similar to the designs claimed in EK's '797 Patent and '798 Patent from the perspective of an ordinary observer.

29.    The design of NIB's ` RFID shielding dual card credential holder resembles the designs claimed in EK's '797 Patent and '798 Patent so as to induce an ordinary observer to

purchase NIB's RFID shielding dual card credential holder supposing it to be the design claimed in EK's '797 Patent and '798 Patent.

30.    When viewed in a side perspective view, the designs claimed in EK's '797 Patent and '798 Patent and the design of NIB's ` RFID shielding dual card credential holder share prominent, visually and aesthetically similar features.

31.    Such features include, and are not limited to: (1) a translucent or transparent first card holder that is pivotable relative to the rest of the card holder; (2) a cutout near the front of the first card holder for easier insertion and removal of a card; (3) a loop projecting from the front of a second card holder located underneath the first card holder for attaching a lanyard; (4) elongated slots in the front face of the first card holder located near and extending along the left and right sides; (5) elongated recesses along the interface between the first card holder and the second card holder for single-handed pivoting and opening of the first card holder; and (6) the hinge being defined with a central portion of the first card holder located between portions of the second card holder.

32.    The overall shape and proportions of the designs claimed in EK's '797 Patent and '798 Patent and of the design of NIB's ` RFID shielding dual card credential holder, as well as the shape, position, and proportions of individual features thereof, are substantially similar to one another.

33.    A true and correct copy of FIG. 1 of the '797 Patent, reproducing the claimed design from a side perspective view, and annotated to show where certain features are present in the claimed design, is reproduced below:



*'797 Patent*, FIG. 1

34.    A true and correct copy of FIG. 1 of the '798 Patent, reproducing the claimed design from a side perspective view, and annotated to show where the same features are present in the claimed design, is reproduced below:



*'798 Patent*, FIG. 1

35.    A photo of NIB's ` RFID shielding dual card credential holder, shown in a corresponding side perspective view, and annotated to show where the corresponding features are embodied in NIB's design, is reproduced below:



NIB RFID Dual Card Holder, Perspective Side View

36.    A true and correct copy of FIG. 2 of the '797 Patent, showing the claimed design from a top view, is reproduced below:



**FIG. 2**

*'797 Patent*, FIG. 2

37.    A true and correct copy of FIG. 2 of the '798 Patent, showing the claimed design from a top view, is reproduced below:



**FIG. 2**

*'798 Patent*, FIG. 2

38.    A photo of NIB's ` RFID shielding dual card credential holder, shown in a corresponding top view, is reproduced below:



NIB RFID Dual Card Holder, Top View

14

39.    A true and correct copy of FIG. 3 of the '797 Patent, showing the claimed design from a bottom view, is reproduced below:



**FIG. 3**

'797 Patent, FIG. 3

15

40.    A true and correct copy of FIG. 3 of the '798 Patent, showing the claimed design from a bottom view, is reproduced below:



# FIG. 3

*'798 Patent*, FIG. 3

41.    A photo of NIB's ` RFID shielding dual card credential holder, shown in a corresponding bottom view, is reproduced below:



NIB RFID Dual Card Holder, Bottom View

42.    A true and correct copy of FIG. 4 of the '797 Patent, showing the claimed design from a side view, is reproduced below:



**FIG. 4**

*'797 Patent*, FIG. 4

43.     A true and correct copy of FIG. 4 of the '798 Patent, showing the claimed design from a side view, is reproduced below:



**FIG. 4**

*'798 Patent*, FIG. 4

44.    A photo of NIB's ` RFID shielding dual card credential holder, shown in a corresponding side view, is reproduced below:



NIB RFID Dual Card Holder, Side View

45.    A true and correct copy of FIG. 5 of the '797 Patent, showing the claimed design from another side view, is reproduced below:



**FIG. 5**

*'797 Patent*, FIG. 5

46.     A true and correct copy of FIG. 5 of the '798 Patent, showing the claimed design from another side view, is reproduced below:



**FIG. 5**

*'798 Patent*, FIG. 5

22

47.    A photo of NIB's ` RFID shielding dual card credential holder, shown in another corresponding side view, is reproduced below:



NIB RFID Dual Card Holder, Other Side View

48.     A true and correct copy of FIG. 6 of the '797 Patent, showing the claimed design from a rear view, is reproduced below:



## FIG. 6

*'797 Patent*, FIG. 6

49.     A true and correct copy of FIG. 6 of the '798 Patent, showing the claimed design from a rear view, is reproduced below:



## FIG. 6

*'798 Patent*, FIG. 6

50.     A photo of NIB's ` RFID shielding dual card credential holder, shown in a corresponding rear view, is reproduced below:



NIB RFID Dual Card Holder, Rear View

51.     A true and correct copy of FIG. 7 of the '797 Patent, showing the claimed design from a front view, is reproduced below:



# FIG. 7

*'797 Patent*, FIG. 7

52.     A true and correct copy of FIG. 7 of the '798 Patent, showing the claimed design from a front view, is reproduced below:



# *FIG. 7*

*'798 Patent*, FIG. 7

53.     A photo of NIB's ` RFID shielding dual card credential holder, shown in a corresponding front view, is reproduced below:



NIB RFID Dual Card Holder, Front View

26

54.    A true and correct copy of FIG. 8 of the '797 Patent, showing the claimed design in an open condition from a perspective view, is reproduced below:



**FIG. 8**

*'797 Patent*, FIG. 8

55.    A true and correct copy of FIG. 8 of the '798 Patent, showing the claimed design

in an open condition from a perspective view, is reproduced below:



**FIG. 8**

*'798 Patent*, FIG. 8

56.    A photo of NIB's ` RFID shielding dual card credential holder, shown in a corresponding open condition from a perspective view, is reproduced below:



NIB RFID Dual Card Holder, Open Condition, Perspective View

57.      Any minor differences between the design of NIB's ` RFID shielding dual card credential holder and the designs claimed in EK's '797 Patent and '798 Patent appear insubstantial from the perspective of an ordinary observer.

58.      Any minor differences between the design of NIB's ` RFID shielding dual card credential holder and the designs claimed in EK's '797 Patent and '798 Patent are not sufficient to distinguish the designs from one another in the mind of an ordinary observer looking to purchase an RFID shielding dual card credential holder embodying the designs claimed in EK's '797 Patent and '798 Patent.

59.      NIB's making or having made, using, offering to sell, and selling of its RFID shielding dual card credential holder damage and injure the purchasing public and EK, including by diverting sales that otherwise would have been made by EK.

60.      NIB's making or having made, using, offering to sell, and selling of its RFID shielding dual card credential holder are without the consent or approval of EK.

61.      NIB has had actual notice of EK's rights in the design claimed in EK's '797 Patent since at least January 5, 2024.

62.      NIB has constructive notice of EK's rights in the design claimed in EK's '797 Patent and '798 Patent because EK's ONE HANDER™ RFID shielded dual card credential holder and associated marketing materials are marked with the '797 Patent and '798 Patent.

63.      NIB characterized NIB's RFID shielded dual card credential holder as a "Commercial Equivalent," and explicitly acknowledged that it had actual knowledge of, EK's ONE HANDER™ RFID shielded dual card credential holder when it included the following

statement in a prior version of the webpage advertisement appearing on AbilityOne.com:

"Commercial Equivalent Item: 10983CBlack EK10983B."

64.     NIB's ongoing use of a design substantially similar to the design claimed in EK's '797 Patent and '798 Patent to make or have made, use, offer to sell, and sell its RFID shielding dual card credential holder is knowing, willful, intentional, and malicious.

**FIRST CAUSE OF ACTION**
**DESIGN PATENT INFRINGEMENT OF THE '797 PATENT UNDER 35 U.S.C. § 271**

65.     EK repeats and incorporates by reference the allegations in Paragraphs 1 through 64, as set forth above, as though fully set forth herein.

66.     EK owns all substantial rights, interest, and title in and to the '797 Patent, including the sole and exclusive right to prosecute this action and enforce the '797 Patent against infringers and to collect damages for all relevant periods of time.

67.     NIB has made or had made, used, offered to sell, and sold, and is making or having made, using, offering to sell, and selling RFID shielding dual card credential holders in the United States having a design substantially similar to the design claimed in EK's '797 Patent without the consent or authorization of EK.

68.     NIB's making, using, offering to sell, and selling RFID shielding dual card credential holders having a design substantially similar to the design claimed in EK's '797 Patent constitute acts of direct infringement of EK's rights in its patented design.

69.     NIB actively induces infringement of the '797 Patent by having made, offering to sell, and selling RFID shielding dual card credential holders, including through third-party retail channels.

70.     NIB aids, instructs, or otherwise acts with the intent to cause manufacturers, third-party retailers, and end users to make, sell, and use the RFID shielding dual card credential holders.

71.     NIB knows of the '797 Patent and knows that its use and sale of its RFID shielding dual card credential holders infringe the '797 Patent.

72.     NIB's acts constitute infringement of EK's rights in the design claimed in the '797 Patent under 35 U.S.C. § 271.

73.     EK has been damaged by NIB's infringing conduct, entitling EK to an award of damages not less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

74.     EK is further entitled to an award of actual damages caused by NIB's infringing conduct, in an amount to be proven at trial.

75.     EK is further entitled to an award of damages for NIB's total profit, and not less than $250, from sales NIB's infringing RFID shielding dual card credential holder under 35 U.S.C. § 289.

76.     The harm to EK resulting from NIB's infringing conduct is irreparable and, unless and until NIB is enjoined by this Court, NIB will continue to commit acts of design patent infringement and will continue to cause irreparable harm to EK.

77.     EK has complied with 35 U.S.C. § 287 with respect to the '797 Patent.

78.     This case is exceptional because, among other reasons, NIB's acts have been, are, and will continue to be knowing, deliberate, willful, intentional, and malicious in disregard of

EK's rights, entitling EK to treble damages as well as reasonable attorneys' fees under 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION
## DESIGN PATENT INFRINGEMENT OF THE '798 PATENT UNDER 35 U.S.C. § 271

79.     EK repeats and incorporates by reference the allegations in Paragraphs 1 through 78, as set forth above, as though fully set forth herein.

80.     EK owns all substantial rights, interest, and title in and to the '798 Patent, including the sole and exclusive right to prosecute this action and enforce the '798 Patent against infringers and to collect damages for all relevant periods of time.

81.     NIB has made or had made, used, offered to sell, and sold, and is making or having made, using, offering to sell, and selling RFID shielding dual card credential holders in the United States having a design substantially similar to the design claimed in EK's '798 Patent without the consent or authorization of EK.

82.     NIB's making, using, offering to sell, and selling RFID shielding dual card credential holders having a design substantially similar to the design claimed in EK's '798 Patent constitute acts of direct infringement of EK's rights in its patented design.

83.     NIB actively induces infringement of the '798 Patent by having made, offering to sell, and selling RFID shielding dual card credential holders, including through third-party retail channels.

84.     NIB aids, instructs, or otherwise acts with the intent to cause manufacturers, third-party retailers, and end users to make, sell, and use the RFID shielding dual card credential holders.

85.    NIB knows of the '798 Patent and knows that its use and sale of its RFID shielding dual card credential holders infringe the '798 Patent.

86.    NIB's acts constitute infringement of EK's rights in the design claimed in the '798 Patent under 35 U.S.C. § 271.

87.    EK has been damaged by NIB's infringing conduct, entitling EK to an award of damages not less than a reasonable royalty, together with interest and costs as fixed by this Court, under 35 U.S.C. § 284.

88.    EK is further entitled to an award of actual damages caused by NIB's infringing conduct, in an amount to be proven at trial.

89.    EK is further entitled to an award of damages for NIB's total profit, and not less than $250, from sales NIB's infringing RFID shielding dual card credential holder under 35 U.S.C. § 289.

90.    The harm to EK resulting from NIB's infringing conduct is irreparable and, unless and until NIB is enjoined by this Court, NIB will continue to commit acts of design patent infringement and will continue to cause irreparable harm to EK.

91.    EK has complied with 35 U.S.C. § 287 with respect to the '798 Patent.

92.    This case is exceptional because, among other reasons, NIB's acts have been, are, and will continue to be knowing, deliberate, willful, intentional, and malicious in disregard of EK's rights, entitling EK to treble damages as well as reasonable attorneys' fees under 35 U.S.C. §§ 284 and 285.

## JURY DEMAND

93.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, EK demands a trial by jury on all matters and issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, EK prays for judgment as follows on its Complaint:

A.     That the Court enter judgment that NIB has infringed EK's '797 Patent and '798 Patent;

B.     That NIB and its owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees, attorneys, and all persons or entities in active concert, participation, or privity with the foregoing, be preliminarily and permanently enjoined from making, having made, using, inducing or contributing to the use of, offering to sell, selling, distributing, and/or importing any credential holder having a design substantially similar to the designs claimed in the '797 Patent and '798 Patent, including the design of NIB's RFID shielding dual card credential holder;

C.     That NIB be ordered to recall from all customers, vendors, sales persons, and authorized agents all products having a design substantially similar to the designs claimed in the '797 Patent and '798 Patent, including the design of NIB's RFID shielding dual card credential holder;

D.     That NIB be ordered to notify all manufacturers, customers, vendors, sales persons, and authorized agents of the Judgment in this case;

E.      That NIB be directed to provide a complete accounting to EK for any and all profits realized from the sale of products having a design substantially similar to the designs claimed in the '797 Patent and '798 Patent, including the design of NIB's RFID shielding dual card credential holder from the first date of sale through the date of the Judgment;

F.      That EK be awarded compensatory damages and NIB's profits, in an amount to be determined at trial;

G.      That the award of damages to EK be trebled in view of NIB's knowing, deliberate, willful, intentional, and malicious infringement of EK's rights;

H.      That EK be awarded punitive damages in view of NIB's knowing, deliberate, willful, intentional, and malicious infringement of EK's rights, in an amount to be determined at trial;

I.      That the Court Declare this to be an exceptional case and that EK be awarded all reasonable attorneys' fees, costs, and disbursements incurred by EK as a result of this action in accordance with 35 U.S.C. § 285;

J.      That EK be awarded all damages available under applicable law; and

K.      That EK be awarded any such other and further relief as this Court deems just and proper.

DATED this 29th day of February, 2024.

                               **EK ECKESSORIES, INC.**

                                /s/ James C. Watson
                               Glenn R. Bronson
                               James C. Watson
                               Trask Britt, P.C.
                               230 South 500 East, Suite 300
                               Salt Lake City, Utah  84102
                               Tel. (801) 532-1922
                               GRBronson@traskbritt.com
                               JCWatson@traskbritt.com

                               *Attorneys for Plaintiff EK Ekcessories, Inc.*